912 P.2d 642

**In the Matter of Application for Permits Nos. 65–12283 in the Name of Gorman & or Barbara Miracle; and 65–12286 in the Name of Ralph & /or Joyce Claycomb.**

**James and Martha BRANSON, Petitioners–Appellants,**

**v.**

**R. Keith HIGGINSON, Director, of the Idaho Department of Water Resources, and Gorman and Barbara Miracle and Ralph and Joyce Claycomb, Respondents.**

No. 21732.

Supreme Court of Idaho,
Boise, December 1995 Term.

Feb. 20, 1996.

Rehearing Denied March 4, 1996.

Marcus, Merrick & Montgomery, Claude V. Marcus (argued), Boise, for appellants.

Alan G. Lance, Attorney General; Phillip J. Rassier, Deputy Attorney General (argued), Boise, for respondent Higginson.

John A. Bradley, Burley, for respondents Gorman and Barbara Miracle.

TROUT, Justice.

This is an appeal from a district court decision affirming the grant, by the Idaho Department of Water Resources (IDWR), of water use permits to respondents Gorman Miracle and Ralph and Joyce Claycomb.

# I.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioners-appellants, James and Martha Branson, own what is known as the Birthday Mine located near Lowman, Idaho. A mining tunnel on the Branson property extends into the mountainside and, from its portal, a small stream of water flows. This stream sinks into the ground and does not flow beyond the Branson property.

Related litigation arose from the 1969 Payette River Basin adjudication. In the 1940's, Miracle's predecessor in interest diverted water flowing from the mine for domestic use on what became the Miracle property. In 1964, the Bransons' predecessor installed a second diversion system to supply water for domestic use to his own residence. In 1977, water rights claims were filed by both the Bransons and Miracle. The dispute over these claims resulted in our decision in *Branson v. Miracle*, 107 Idaho 221, 687 P.2d 1348 (1984) (*Branson I*), in which we held that "the water flow emanating from the mine portal is public ground water subject to appropriation." *Id.* at 225, 687 P.2d at 1352. The case was remanded, and a second appeal resulted in the decision of the Court of Appeals in *Branson v. Miracle*, 111 Idaho 933, 729 P.2d 408 (Ct.App.1986) (*Branson II*). *Branson II* has no impact on the present case.

On November 6, 1979, Miracle and his wife Barbara (now deceased) filed an application to appropriate water flowing from the Birthday Mine portal (this application was for uses separate from the claim at issue in *Branson I* and *Branson II*). They originally sought to appropriate 0.16 cubic feet per second (cfs) for application on two separate tracts of land. However, the application was amended to reduce the requested appropriation to a total of 0.04 cfs (0.02 cfs per tract of land), one half of which was sought to improve the marketability of one of the parcels. The remaining portion of the requested appropriation was sought for domestic purposes in a residence Miracle planned to build on the second tract of land. On November 8, 1979, the Claycombs filed an application similar to Miracle's. They originally sought to appropriate 0.04 cfs for supplemental domestic use in one existing residence, but amended their application to request only 0.02 cfs.

Hearings on the applications were held before an IDWR hearing officer who issued findings of fact, conclusions of law, and a proposed order for adoption by the IDWR. On February 9, 1994, the director of IDWR issued a final order adopting the hearing officer's recommended order. The Miracle application was approved for the diversion of 0.02 cfs. However, the portion requesting a right to appropriate merely to increase the marketability of a tract of land was deemed to be for "speculative purposes" and was denied. The Claycombs' amended application was approved for 0.02 cfs. The final order of the IDWR was affirmed by the district court and the Bransons have appealed.

# II.

## NATURE OF THE WATER EMANATING FROM THE MINE PORTAL

■ The Bransons' primary contention on appeal is that the water emanating from the mine tunnel is not subject to appropriation because it does not flow off their land. According to the Bransons, this water is "private water" within the meaning of I.C. § 42–212. Notably, however, in *Branson I,* the Bransons stated the following as an issue to be addressed by this Court:

> 3. If, as appellants believe, the evidence overwhelmingly proves that the water did not flow from the Branson property on the surface in a natural channel, or at all, is this private water as provided in Section 41–212 [sic] of the Idaho Code; or was this public water which Miracle could appropriate for which he could establish a legal water right.

As requested, the Court answered this issue, expressly holding that the water is not "private water" within the meaning of I.C. § 42–212 because it is not a lake, pond, pool, or spring. *Branson I,* 107 Idaho at 225, 687 P.2d at 1352. Rather, "the water flow ema-

nating from the mine portal is public ground water subject to appropriation." *Id.*

The mere fact that the decision in *Branson I* was not favorable to the Bransons does not entitle them to raise the *identical* issue before this Court some ten years later. We decline the request to revisit this issue. *See Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1986) (setting forth elements of doctrine of collateral estoppel).

## III.

### OTHER ISSUES

■ In their opening brief on appeal, the Bransons have listed at least one and arguably two additional issues, along with a request for attorney fees, in their statement of issues presented. However, they have not provided this Court with any authority or argument relating to these issues. A failure to support an assignment of error with argument and authority is deemed a waiver of the assignment. *E.g., State v. Burris,* 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980) (citing I.A.R. 35(a)(6)). Accordingly, we decline to address these other issues.

## IV.

### ATTORNEY FEES

■ Miracle requests an award of attorney fees pursuant to I.C. § 12–121 based on the fact that this appeal was pursued frivolously and without foundation. In light of our prior decision in *Branson I* and the fact that the Bransons provide little or no argument in support of their position on appeal, we agree. Thus, we award attorney fees on appeal to Miracle pursuant to I.C. § 12–121, but decline the State's request for an award of attorney fees as a sanction under Rule 11.

## V.

### CONCLUSION

The final order of the IDWR is affirmed. Miracle is awarded attorney fees on appeal. Costs to both Miracle and the IDWR.

McDEVITT, C.J., and SILAK and SCHROEDER, JJ., concur.

JOHNSON, J., sat but did not participate.